This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

 Plaintiff-Appellee,

v. **No. 33,972**

**FRANCISCO J. GRANADOS,**

 Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**James Waylon Counts, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Jane A. Bernstein, Assistant Attorney General
Albuquerque, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Sergio Viscoli, Assistant Appellate Defender
Santa Fe, NM

Gary C. Mitchell
Ruidoso, NM

for Appellant

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

**{1}** Defendant Francisco J. Granados challenges the district court's denial of his motion to withdraw his plea. This Court issued a calendar notice proposing to treat the current appeal as an appeal from both the judgment and sentence in Cause No. D-1215-CR-2012-00052 and the order revoking probation in Cause No. D-1215-CR-2008-00141. Neither party submitted objections to this proposal; therefore, we construe this appeal as an appeal in both cause numbers. We also proposed to reverse and remand. The State filed a memorandum in opposition to this proposal, which we have duly considered. We are not persuaded by the State's arguments and therefore reverse and remand.

**{2}** In our calendar notice, we reviewed the terms of the plea agreement de novo and proposed to read the sentencing provision in the plea agreement to mean that the State would not oppose concurrent sentences in Cause No. D-1215-CR-2012-00052 and Cause No. D-1215-CR-2008-00141 if Defendant did not violate his conditions of release pending disposition of the case. [CN 4] We also proposed to read the term pertaining to the five-year cap as a separate agreement without any qualifying language, meaning that the State would not oppose a five-year cap regardless of whether Defendant violated his conditions of release pending disposition of the case.

2

[CN 4-5; *see* RP 106 (¶ 1) ("The State will not oppose running the sentence[s] . . . concurrent . . . provided the Defendant does not violate conditions of release pending disposition of the case. The State will not oppose a sentence cap of five (5) years.")] Because the State breached its unqualified promise not to oppose a five-year cap, we proposed to reverse and remand.

{3}     In its memorandum in opposition, the State asks this Court to reconsider our proposed disposition. [MIO 7] As an initial matter, the State objects to a de novo standard of review. [MIO 8] The State argues that this Court should review the district court's denial of Defendant's motion to withdraw his plea agreement for an abuse of discretion because the district court "resolve[d] the alleged ambiguity" and clearly found that "[t]he plea agreement is not ambiguous[.]" [MIO 8; RP 165]

{4}     Generally, we review the district court's denial of a motion to withdraw a plea for abuse of discretion. *See State v. Garcia*, 1996-NMSC-013, ¶ 7, 121 N.M. 544, 915 P.2d 300. However, if the district court fails to clarify an ambiguity in a plea agreement, we review the terms of the plea agreement de novo. *See State v. Miller*, 2013-NMSC-048, ¶¶ 9-10, 314 P.3d 655; *see also id.* ¶ 10 ("The abuse of discretion standard of review is inappropriate in this case because [the d]efendant was entitled to appeal the sentence based upon his claim that it did not conform to the agreed upon plea agreement regardless of whether he had ever moved to withdraw his pleas.").

3

**{5}** Our Supreme Court has stated that "it is essential that a district court clarify any ambiguity in a plea agreement, including those related to sentencing provisions, *before* it decides whether to accept or reject the plea agreement." *Id.* ¶ 39 (emphasis added). In this case, the district court found that "[t]he plea agreement is not ambiguous and it accurately reflects the agreement struck between the parties." [RP 165] However, this finding was made after the plea was accepted and after the district court held a hearing and asked the parties whether the language in the plea agreement regarding the five-year cap was conditioned on Defendant not violating his conditions of release. [MIO 4, 8; RP 105, 111, 162] Because the district court did not clarify the ambiguity in the plea agreement before it accepted the plea agreement and failed to recognize the existence of the ambiguity at all, we review the terms of the plea agreement de novo. *See id.* ¶¶ 9-10.

**{6}** To the extent that the State contends that Defendant did not specifically argue that the language in the plea agreement was ambiguous, we are not persuaded. [MIO 3-9] Although Defendant raised other issues in his motion to withdraw the plea and in his docketing statement, his main contention is that the district court erred in denying his motion to withdraw his plea because the State breached the sentencing agreement. [RP 153-58; DS 2-7] Therefore, our task on appeal is to evaluate the terms of the plea agreement. *See id.* ¶ 9 ("Since the State maintains that Defendant was

4

sentenced according to the terms in the plea agreement, our task is to evaluate the terms in the plea agreement.").

{7}    In our calendar notice, we proposed to conclude that the term in the plea agreement pertaining to the five-year cap did not include any qualifying language. [CN 4] In response, the State asserts that "common sense . . . leads to the inescapable conclusion that the State's agreement not to oppose a five-year sentencing cap must be read as being conditioned upon [Defendant] staying out of trouble pending sentencing." [MIO 10] The State also contends that "[i]t simply is not plausible that [Defendant], who was not incarcerated pending resolution of his case, did not understand that the State's non-opposition to both (1) concurrent sentences, and (2) a five-year sentencing cap, was contingent upon his abiding by his conditions of release." [MIO 10] We are not persuaded.

{8}    While the State may have intended to condition its agreement "not [to] oppose a sentence cap of five (5) years[,]" it did not do so. [RP 106] *See id.* ¶ 16 (stating that "[t]he language simply does not reflect the State's intent"). Therefore, it was reasonable for Defendant to understand that the State would not oppose a five-year sentencing cap regardless of whether he violated his conditions of release pending disposition of the case. *See id.* ("We examine the language in the plea agreement to evaluate the reasonableness of Defendant's understanding."). By asking the district

court to sentence Defendant to twelve and one-half years of incarceration [MIO 3; RP 150], the State breached its unqualified promise not to oppose a five-year cap, and Defendant should have been given the opportunity to withdraw his plea or to be resentenced in front of a different judge. *See State v. Pieri*, 2009-NMSC-019, ¶¶ 14-18, 146 N.M. 155, 207 P.3d 1132 (holding that, because the State breached its promise not to oppose the defendant's request for a suspended sentence, the defendant must be afforded an opportunity to withdraw her plea or to be resentenced by another judge).

{9}     For the reasons stated in this Opinion and in this Court's notice of proposed summary disposition, we reverse and remand.

{10}    **IT IS SO ORDERED.**


_____
**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**


_____
**RODERICK T. KENNEDY, Judge**


_____
**M. MONICA ZAMORA, Judge**