This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-37509**

**STATE OF NEW MEXICO,**

   Plaintiff-Appellee,

v.

**GREGORY LOCK,**

   Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY**
**Cindy M. Mercer, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
William A. O'Connell, Assistant Appellant Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VANZI, Judge.**

**{1}**   Defendant appeals from the judgment and sentence of the district court following his conviction for receiving or transferring a stolen motor vehicle, pursuant to NMSA 1978, Section 30-16D-4 (2009). [RP 116-21] In our notice of proposed disposition, we proposed to summarily affirm. [CN 2] Defendant filed a memorandum in opposition to this Court's notice of proposed disposition. We have given due consideration to the memorandum in opposition, and, remaining unpersuaded, we affirm Defendant's conviction.

**{2}** In his memorandum in opposition, Defendant continues to argue that the district court erred in its decisions to allow the State to show the jury late-disclosed photographs of the motorcycle. [MIO 3] In our calendar notice, we acknowledged that even if the disclosure of the photographs was very untimely, Defendant was required to show that there was prejudice in order to justify sanctions. In his memorandum in opposition, Defendant asserts that he was prejudiced because the officers failed to do a thorough investigation of the case and because the State "made no showing whatsoever that [Defendant] intended to transfer the title of the motorcycle to anyone[.]" [MIO 4] Also, the memorandum in opposition notes that Defendant asked for a less restrictive remedy by solely asking for exclusion of the late-disclosed photographs, rather than moving for dismissal. [MIO 5]

**{3}** While Defendant may be correct that the State's evidence was not strong or that his requested remedy was less restrictive, that is not the type of prejudice that Defendant is required to show. As we said in our calendar notice, a defendant must demonstrate that he or she "was prejudiced by the untimely disclosure." *State v. Duarte*, 2007-NMCA-012, ¶¶ 15, 19, 140 N.M. 930, 149 P.3d 1027 (internal quotation marks and citation omitted). "[P]rejudice does not accrue unless the evidence is material and the disclosure is so late that it undermines the defendant's preparation for trial." *State v. Harper*, 2011-NMSC-044, ¶ 20, 150 N.M. 745, 266 P.3d 25. Evidence is material if "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Duarte*, 2007-NMCA-012, ¶ 15 (internal quotation marks and citation omitted). "Prejudice must be more than speculative; the party claiming prejudice must prove prejudice—it is not enough to simply assert prejudice[.]" *Harper*, 2011-NMSC-044, ¶ 16. [CN 3-4] Defendant's arguments as to how he may have been prejudiced continue to point towards credibility issues for the State's witnesses, which were for the jury to decide. [CN 4] Defendant has not asserted prejudice in the context of *Harper*, and therefore we hold that the district court did not err in allowing the State to show late-disclosed photographs of the motorcycle.

**{4}** In his memorandum in opposition, Defendant continues to argue that the district court erred in denying his tendered jury instruction, which would have required the jury to find, as an element of the crime, that he "had the intent to procure or pass title to the vehicle." [MIO 5] We considered this argument in our calendar notice. [CN 5] In our calendar notice, we proposed to apply *State v. Bernard*, 2015-NMCA-089, ¶ 13, 355 P.3d 831, where this Court established that Section 30-16D-4 criminalizes two distinct offenses, receiving or transferring possession of a stolen vehicle and possession of a stolen vehicle. " 'Intent to procure or pass title to a vehicle' is not an essential element of the crime of possession of a stolen vehicle, which is a separate and distinct offense under Section 30-16D-4(A)." *Bernard*, 2015-NMCA-089, ¶ 13.

**{5}** In Defendant's memorandum in opposition, Defendant concedes that *Bernard* applies, and yet asks us reconsider our reliance on it. Defendant asks this Court to depart from our case law and claims that "*Bernard* was wrongly decided." [MIO 6, *see also* MIO 12] Defendant argues that the *Bernard* statutory interpretation was incorrect,

claiming that "this Court afforded insufficient significance to the [l]egislature's 2009 alteration of . . . Section 30-16D-4[.]" [MIO 6] Defendant argues that *Bernard* "overlooked important aspects of the history underlying the statute that undoubtedly factored into the Legislature's alteration of it" and particularly disagrees with the Court's analysis regarding the removal of a comma. [MIO 7-11]

**{6}** Defendant does not address New Mexico's four-factor test that an appellate court must consider when deciding whether to overturn precedent. *State v. Pieri*, 2009-NMSC-019, ¶ 21, 146 N.M. 155, 207 P.3d 1132, (internal quotation marks and citations omitted), sets forth the factors:

> 1) whether the precedent is so unworkable as to be intolerable; 2) whether parties justifiably relied on the precedent so that reversing it would create an undue hardship; 3) whether the principles of law have developed to such an extent as to leave the old rule no more than a remnant of abandoned doctrine; and 4) whether the facts have changed in the interval from the old rule to reconsideration so as to have robbed the old rule of justification.

Further, the principle of stare decisis weighs against overturning *Bernard*. Stare decisis "dictates adherence to precedent" to "promote[ ] the evenhanded, predictable, and consistent development of legal principles, foster[ ] reliance on judicial decisions, and contribute[ ] to the actual and perceived integrity of the judicial process." *Padilla v. State Farm Mut. Auto. Ins. Co.*, 2003-NMSC-011, ¶ 7, 133 N.M. 661, 68 P.3d 901 (internal quotation marks and citation omitted). Stare decisis "lies at the very core of the judicial process of interpreting and announcing law." *Id.* (internal quotation marks and citation omitted). Accordingly, we require a "compelling" reason to overrule a case. *Id.* Defendant offers no such compelling reason, and we decline to overturn *Bernard*.

**{7}** As he did in his docketing statement, Defendant additionally argues in his memorandum in opposition that there is insufficient evidence to support his conviction, particularly employing the same arguments he used to attack the jury instructions. Again, Defendant argues that "the State was required to prove that [Defendant] intended to alter the title of the motorcycle." [MIO 12] In our calendar notice, we concluded that Defendant's sufficiency of evidence argument is without merit, because we earlier decided that "intent to procure or pass title to a vehicle" is not an essential element of the offense of possession of a stolen vehicle under Section 30-16D-4(A). [CN 6] Defendant has not asserted any fact, law, or argument that persuades us that our analysis of the elements of possession of a stolen vehicle was erroneous. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this

requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

**{8}** Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm Defendant's conviction.

**{9}    IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**BRIANA H. ZAMORA, Judge**