This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41367**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**MAXLY DAMEN PARKER,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Daylene A. Marsh, District Court Judge**

Raúl Torrez, Attorney General
Felicity Strachan, Assistant Solicitor General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Melanie C. McNett, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**IVES, Judge.**

**{1}**     This matter was submitted to this Court on Defendant's brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Following consideration of the brief in chief, this Court assigned this matter to Track 2 for additional briefing. Now having considered the brief in chief, answer brief, and reply brief, we affirm for the following reasons.

**{2}** On appeal, Defendant argues that the district court erred by sentencing him to three years in the Department of Corrections rather than imposing a term of supervised probation pursuant to the plea agreement he entered into with the State. [BIC 7] Specifically, Defendant seeks specific performance of the plea agreement "as he reasonably understood it" because it was unclear to him that he could be sentenced to incarceration rather than receive supervised probation. [BIC 1, 14] In the alternative, he argues that he should be allowed to withdraw his plea because it was not knowingly and voluntarily made. [BIC 15]

**{3}** As an initial matter, the State argues that this Court should review this issue for an abuse of discretion because it concerns a sentencing decision, and notes that the district court imposed the basic sentence authorized by law for Defendant's crime under NMSA 1978, Section 31-18-15(A) (2019, amended 2024). [AB 5] However, because Defendant asserts that his sentence did not conform to that of the plea agreement, we review the terms of the plea agreement de novo. *See State v. Miller*, 2013-NMSC-048, ¶¶ 9-10, 314 P.3d 655 (explaining that when reviewing a plea agreement for ambiguity and when determining whether the district court resolved any ambiguity, "we review the terms of the plea agreement de novo" (internal quotation marks and citation omitted)); *id.* ¶ 10 (stating that "[t]he abuse of discretion standard of review is inappropriate in [these types of cases] because [the d]efendant [is] entitled to appeal the sentence based upon his claim that it did not conform to the agreed upon plea agreement regardless of whether [they] had ever moved to withdraw [their] pleas").

**{4}** In the present case, Defendant was charged with receipt, transportation or possession of a firearm by a felon, contrary to NMSA 1978, Section 30-7-16(A) (2020, amended 2022); and possession of a controlled substance (marijuana), contrary to NMSA 1978, Section 30-31-23(A) (2019, amended 2021). [RP 1] The State offered Defendant a repeat offender plea and disposition agreement. [RP 131-35] Defendant agreed to plead no contest to the firearm charge, and in return, the State agreed to (1) drop the marijuana charge, (2) not pursue a repeat offender sentencing enhancement, and (3) not oppose a sentence of supervised probation. [BIC 2; AB 3] The plea agreement stated that the "State agrees to hold the prior and will not oppose supervised probation." [RP 132] At the plea hearing, the district court confirmed that Defendant intended to take the plea agreement offered by the State. [BIC 3] In addition, the district court stated that "the document indicates that there's no agreement as to sentencing, the State will not oppose a supervised probation, and [Defendant] understand[s] the court does not have to follow that agreement," to which Defendant responded, "Yes, your Honor." [BIC 3; 02/27/23 CD 9:35:03-35:23] The district court accepted Defendant's no contest plea and found him guilty of receipt, transportation, or possession of a firearm by a felon. [BIC 3; 02/27/23 CD 9:38:51-39:15] Two weeks later, at the sentencing hearing, Defendant requested supervised probation, which the State, pursuant to the plea agreement, did not oppose. [AB 3-4] After reviewing Defendant's criminal history and expressing concern that Defendant had previously been convicted of possession of a firearm by a felon, the district court sentenced Defendant to three years of incarceration and two years of parole. [BIC 4-5] At this point, Defendant explained on the record that he "only took the plea because of the offer that was on the

table of probation." [BIC 5] The district court responded that it had advised Defendant that it did not have to follow that agreement. [BIC 5] Defendant appeals the district court's order sentencing him to three years of incarceration.

**{5}** "A plea agreement is a unique form of contract the terms of which must be interpreted, understood, and approved by the [district] court." *State v. Mares*, 1994-NMSC-123, ¶ 12, 119 N.M. 48, 888 P.2d 930. "Once [a] plea is accepted, the court is bound by the dictates of due process to honor the agreement and is barred from imposing a sentence that is outside the parameters set by the plea agreement." *State v. Gomez*, 2011-NMCA-120, ¶ 16, 267 P.3d 831. We "construe the terms of the plea agreement according to what [the d]efendant reasonably understood when he entered the plea." *Miller*, 2013-NMSC-048, ¶ 9 (internal quotation marks and citation omitted). "When there is any ambiguity in a plea agreement and the district court resolves the ambiguity with the parties at the time of the plea, the agreement is no longer ambiguous on that point." *Gomez*, 2011-NMCA-120, ¶ 9. "However, if an ambiguity is not resolved by the district court and no extrinsic evidence is introduced that would resolve it, the reviewing court may rely on the rules of construction, construing any ambiguity in favor of the defendant." *Id.* (internal quotation marks and citation omitted).

**{6}** Our case law recognizes a distinction between a plea in which the state recommends a guaranteed, specific sentence and a plea where the state agrees not to oppose a defendant's requested sentence. *See State v. Pieri*, 2009-NMSC-019, ¶ 11, 146 N.M. 155, 207 P.3d 1132 (stating that "there is a significant difference between a plea agreement where the [s]tate agrees to make an affirmative sentencing recommendation and one where the [s]tate simply agrees to leave the matter of sentencing to the discretion of the judge by not opposing [the d]efendant's request"). "The distinction between these two agreements is critical because . . . the type of agreement dictates whether the court is bound to impose the sentence disposition contained in the plea." *Id.* ¶ 30. "Under the former, the court must impose the sentence if it has accepted a plea agreement that states the defendant will plead guilty or no contest in exchange for a specific sentence." *Id.* "Under the latter agreement, the [district] court is not bound by the sentencing recommendations or requests of the parties; it is the court's responsibility to impose the sentence." *Id.* In addition, Rule 5-304(B) NMRA, provides that if a plea agreement was "not made in exchange for a guaranteed, specific sentence and was instead made with the expectation that the state would . . . not oppose the defendant's request for a particular sentence, the court shall inform the defendant that such recommendations and requests are not binding on the court."

**{7}** Defendant argues that he was not sentenced according to the terms of the plea agreement, and maintains that the language in the plea agreement was ambiguous regarding whether there was a specific, guaranteed agreement as to the sentence. [BIC 8] Specifically, he points to the language in the plea agreement that the "State agrees to hold the prior and will not oppose supervised probation." [BIC 10; RP 132] Defendant contends that "[t]o someone familiar with the relevant law, the 'will not oppose' language indicates that the district court may impose a different disposition than the one

contained in the plea agreement." [BIC 11] Defendant then asserts, however, that to someone like himself, that language "did not indicate that the agreement was subject to change[]" and that the written language of the plea agreement "does not clearly reflect the legal distinction between the two types of plea agreements." [BIC 11] Given the lack of clarity as to the distinction between the two types of plea agreements, Defendant argues that the plea agreement he entered into was ambiguous. [BIC 11]

{8}     In support of this proposition, Defendant relies on *Miller*. In *Miller*, the defendant and the prosecutor agreed that the defendant would receive a sentence between ten to forty years. *Miller*, 2013-NMSC-048, ¶ 3. The district court, however, sentenced the defendant to forty-two years and suspended nine years of the sentence. *Id.* ¶ 4. Our Supreme Court held that "the forty-two year sentence violate[d] the plea agreement." *Id.* ¶ 8. The Court explained that the state and the district court disagreed with the defendant whether the ten-to-forty-year range required by the plea agreement applied to the initial period of incarceration the district court would order the defendant to serve or to the total amount of time to which the defendant was exposed. *Id.* ¶ 15. The defendant explained that his understanding was that he would not face more than forty years of incarceration under any circumstances. *Id.* After considering the language in the plea agreement, which included a confusing handwritten clause, and in light of the defendant's understanding, the Court held that the language in the plea agreement was ambiguous. *Id.* ¶¶ 18, 21. Upon determining that the sentence did not conform to the plea agreement and that the ambiguity created by the parties' conflicting interpretations had not been resolved by the district court before the defendant was sentenced, the Court then considered the appropriate remedy. *Id.* ¶¶ 26, 28. Ultimately, the Court stated that because "the sentence was specific and guaranteed" specific performance of the agreement as the defendant understood it was appropriate. *Id.* ¶ 31.

{9}     The facts of the instant case are distinguishable from *Miller*. The plea agreement in this case did not contain multiple clauses, handwritten or otherwise, that rendered the sentence in the agreement ambiguous. Rather, there was only one line in the agreement, which stated that the "State agrees to hold the prior and will not oppose supervised probation." [RP 132] Unlike in *Miller*, the language in the plea agreement did not create a specific and guaranteed sentence; instead, it was a sentencing recommendation that was not binding on the district court. *See Miller*, 2013-NMSC-048, ¶¶ 28, 31; Rule 5-304(B); *Pieri*, 2009-NMSC-019, ¶ 30 ("The distinction between these two agreements is critical because . . . the type of plea agreement dictates whether the court is bound to impose the sentence disposition contained in the plea."); *see also id.* (explaining that when there is not a specific, guaranteed sentence, "the court is not bound by the sentencing recommendations or requests of the parties; it is the court's responsibility to impose the sentence").

{10}     Moreover, at the plea hearing, the district court confirmed that there was no agreement as to sentencing and that the State would not oppose supervised probation. The district court then asked Defendant, "[Y]ou understand the court does not have to follow that agreement?" to which Defendant responded, "Yes, your Honor." [BIC 3; 02/27/23 CD 9:35:03-35:23] In so doing, the district court complied with the requirement

set forth in Rule 5-304 requiring that it inform Defendant that it was not bound by the recommendation. *See* Rule 5-304(B) (stating that when the state does not oppose a defendant's requested sentence, "the court shall inform the defendant that such recommendations and requests are not binding on the court").

**{11}** Because there was not a specific, guaranteed sentence set forth in the plea agreement, we conclude that the district court acted within its discretion to sentence Defendant to three years of incarceration. *See Miller*, 2013-NMSC-048, ¶¶ 28, 31; *see also State v. Taylor*, 1988-NMSC-023, ¶ 24, 107 N.M. 66, 752 P.2d 781 (noting that, with respect to sentencing recommendations, the district court "retain[s] the right to accept or reject the plea bargain and make an independent decision regarding the appropriate sentence"), *overruled on other grounds by Gallegos v. Citizens Ins. Agency*, 1989-NMSC-055, ¶ 28, 108 N.M. 722, 779 P.2d 99; Rule 5-304(C) (stating that where a plea agreement did not contain a guaranteed, specific sentence, the district court may inform the defendant that "the court's judgment and sentence will embody a different disposition as authorized by law").

**{12}** To the extent that Defendant argues that he should be allowed to withdraw his plea because it was not made knowingly or voluntarily [BIC 15], we are not persuaded. Defendant maintains that his plea was not knowingly or voluntarily made because "he understood the agreement as guaranteeing a term of supervised probation in lieu of incarceration." [BIC 16] However, as Defendant acknowledges, the district court does not need to allow Defendant the opportunity to withdraw his plea as long as it made him aware that the sentencing recommendations were not binding on the court. *See Pieri*, 2009-NMSC-019, ¶ 33 (stating that "if a court rejects a sentencing recommendation or ignores an unopposed sentencing request, the court need not afford the defendant an opportunity to withdraw the plea, as long as the defendant has been made aware that such recommendations and requests are not binding on the court"). As noted above, when reviewing the plea agreement at the hearing, the district court stated that "the document indicates that there's no agreement as to sentencing, the State will not oppose a supervised probation, and you understand the court does not have to follow that agreement," to which Defendant responded, "Yes, your Honor." [BIC 3; 02/27/23 CD 9:35:03-35:23] Because the district court complied with this requirement, we conclude that Defendant has not met his burden to show that the plea agreement was not knowingly or voluntarily made.

**{13}** For the foregoing reasons, we affirm the district court's order sentencing Defendant to three years of incarceration.

**{14}  IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**MEGAN P. DUFFY, Judge**