■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PAUL JOHNSON, True Name CARL JONES, Appellant.— Judgment, Supreme Court, New York County, rendered on October 11, 1972, convicting appellant on his plea of guilty of two counts of robbery in the second degree, two counts of assault in the second degree, grand larceny in the third degree, possession of a dangerous weapon and resisting arrest, and sentencing him to an indeterminate term with a maximum of five years, unanimously reversed, on the law, sentence vacated, and defendant remanded for resentence. Where a defendant is indicted on several counts in an indictment containing multiple charges, sentence must be pronounced on each count (CPL 380.20). Defendant is accordingly remanded for sentence in accordance therewith. Concur — McGivern, P. J., Markewich, Steuer and Capozzoli, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DAVID GLASBY, Appellant.— Judgment, Supreme Court, New York County, rendered April 20, 1972, sentencing defendant-appellant to probation for five years, unanimously reversed, on the law, the sentence vacated, and the case remanded to that court for further proceedings as hereinafter set forth. At the time of defendant's plea of guilty, the court made a clear and unequivocal promise that defendant would be sentenced to time served, without probation, adding that should the probation report prevent fulfillment of the promise, the plea might be withdrawn. On the day of sentence, the court found the report unsatisfactory, and sentenced as above stated, without mentioning the alternative branch of the promise, withdrawal of the plea. Nor did defendant nor counsel say anything on the subject. Defendant's silence, as the District Attorney commendably concedes, was not a waiver (*People* v. *Esposito*, 32 N Y 2d 921), and defendant is entitled to performance of the promise (*Santobello* v. *New York*, 404 U. S. 257). The case is remanded accordingly and defendant shall have the option of deciding which alternative he will select: withdrawal of the plea, or sentence to time served. Concur — McGivern, P. J., Markewich, Murphy and Tilzer, JJ.