◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER WILLIAMSON, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Westchester County, rendered December 30, 1971, convicting him of criminally selling a dangerous drug in the third degree (two counts) and criminally possessing a dangerous drug in the fourth degree (two counts), upon a jury verdict, and sentencing him to an indeterminate prison term not to exceed seven years. Judgment modified, on the law, by reversing the sentence and, as so modified, judgment affirmed; and the case is remitted to the Criminal Term for resentencing. Defendant was convicted on four counts and the trial court erred in failing to pronounce sentence on each count (CPL 380.20; *People v Johnson,* 44 AD2d 541). Rabin, Acting

P. J., Hopkins and Latham, JJ., concur; Shapiro, J., dissents and votes to reverse the judgment and to dismiss the indictment, with the following memorandum, in which Munder, J., concurs: In my opinion, the verdict in this case is against the weight of the evidence. I therefore vote to reverse the judgment of conviction (CPL 470.15, subd 5) and to dismiss the indictment (CPL 470.20, subd 5). In addition, for the reasons hereinafter stated, I do not believe that defendant was given a fair trial. The conviction here rests upon the testimony of two white under-cover police officers, James Carroll and Maureen P. Butch. Carroll testified that while he and Butch were seated in an automobile the defendant, a black man, approached their vehicle, leaned in on the passenger's side, and asked what they were looking for, to which he (Carroll) replied, "Three or four things"; that without more the defendant pulled a packet of glassine envelopes out of his pocket, pealed off three and sold them to him for $12. He then testified that defendant also sold officer Butch three similar packets, also for $12. He said that his vehicle was parked on the north side of Winthrop Avenue facing west and that after the transaction was completed he drove his automobile to an area in Pelham where he met Detective Braca and turned the contraband which he had purchased over to him. At that time he had already marked the name of defendant on the manila envelope containing these three glassine envelopes, although concededly before this transaction with defendant he had never seen him or heard his name mentioned. The entire transaction took two minutes and, although Carroll had been involved in 80 to 85 narcotic buys, he had made no written notation anywhere as to defendant's physical characteristics in order to be able to refresh his recollection. The other police officer, Maureen Butch, also admittedly had never seen defendant before and did not know his name. Although corroborating Carroll as to the two purchases, her testimony was contrary to his on the following important points: (1) She said she had not initiated the request for the three packets that she purchased, but that Carroll had. Carroll testified that she had first requested defendant to sell them to her. (2) Contrary to Carroll's explicit placement of the automobile, she said it was parked on the south side of Winthrop Avenue, thus placing it on the opposite side of the street. (3) Carroll testified that he asked defendant if he had three or four "things" to sell; she said that Carroll used the word "stuff". (4) She said that after the transactions were concluded defendant went back down the street from whence he had come and that after that Carroll drove the automobile east on Winthrop Avenue to North Avenue and turned right, or south, to proceed to Pelham. Carroll testified that they were going west and proceeded in that direction to Pelham. (5) Carroll testified that this was the first transaction of the day and that after concluding it they proceeded directly to Pelham. Butch on the contrary testified that they were involved in other investigations that day prior to the one in question. Basically, aside from the toxicologist's testimony to establish that the contents of the packets were heroin, that was the People's case. Defendant and his witness both testified to his presence elsewhere at the time of the occurrence. In my opinion the People failed to establish the guilt of defendant beyond a reasonable doubt. What we said in *People v Garafolo* (44 AD2d 86, 88) applies aptly here: "In evaluating testimony we should not discard common sense and common knowledge." Here the discrepancy in the testimony of the two police officers as to basic material matters, the fact that no notes as to physical description of defendant were kept by either officer, the fact that neither officer had ever seen or heard of defendant prior to their encounter with him that evening and yet were able shortly thereafter, and when

turning over the contraband to Detective Braca, to mark his name on the evidence, and a most important fact to which I have not yet adverted—the improbability of a black man walking up to a parked car containing only two white passengers in a black neighborhood and offering to sell them heroin—all taken together, make it clear, at least to me, that there is, as a matter of law, a reasonable doubt as to defendant's guilt. Since an arrest ordinarily is not to be an immediate one and in many cases is to be postponed for a considerable period of time, I do not think it is too much to expect trained police officers engaged in undercover activities to make some sort of record identifying the person with whom they are transacting their business and I cannot understand why, in such cases, the police department does not adopt a rule looking to that end and which includes a provision for filing the material, with a proper date and time stamp thereon. If prosecution of drug sellers is worthwhile, and it is, should not appropriate precautions be taken by the agencies involved to make sure that their arrests "stick" and that no one is improperly arrested? If I were not voting to dismiss the indictment I would in any event vote for a new trial because of the over-all tenor of the trial court's charge to the jury. While it is true that a court is no longer required to marshal or refer to the evidence to any greater extent than is necessary to explain the application of the law to the facts (CPL 300.10, subd 2), a charge which is slanted in one direction does not give the defendant that which he is entitled to, a fair trial. In this case the court summarized all of the *direct* testimony of all of the witnesses, but failed to point out any of the glaring inconsistencies in the testimony of the prosecution witnesses while he did point out the one inconsistency in defendant's testimony, his recantation of his denial of ever having been convicted of a crime. Such a charge, tilted in every respect in favor of the prosecution, is unfair in any case, but where, as here, the issue of guilt is a very closely contested one, the palpably one-sided nature of the charge should lead to a reversal of the conviction. I need merely add that, in any event, the single sentence of seven years on this multiple-count indictment was improper as a matter of law (CPL 380.20; *People v Johnson,* 44 AD2d 541), and was illegally excessive on the two counts of criminal possession of a dangerous drug in the fourth degree as a misdemeanor (Penal Law, § 70.15, subd 1).