■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES SMITH, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County, rendered January 13, 1978, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the sixth degree, criminally using drug paraphernalia in the second degree, and criminal possession of a weapon in the fourth degree, upon his plea of guilty, and imposing sentence. On the court's own motion, the appeal is deemed to be from the judgment as amended by a resentencing of the defendant on September 26, 1979 pursuant to section 60.09 of the Penal Law. Amended judgment modified, on the law, by vacating the sentence. As so modified amended judgment affirmed and the case is remanded to Criminal Term for further proceedings consistent herewith. Prior to the entry of the defendant's guilty plea, the court expressed its intention to impose a sentence of from one year to life

imprisonment on the count of the indictment charging the defendant with criminal sale of a controlled substance in the third degree. The court assured the defendant that if that sentence could not be imposed he would be permitted to withdraw his plea. Thereafter, without offering the defendant the promised opportunity to withdraw his plea, the court sentenced him to a term of one and one-half years to life imprisonment. Neither the defendant nor his attorney objected to the sentence as imposed. Subsequently, the defendant's sentence was modified pursuant to section 60.09 of the Penal Law, and he was resentenced to a term of from one and one-half to four and one-half years in prison. In our view, the court's failure to fulfill the plea agreement requires a modification. A defendant must be afforded an opportunity to withdraw his guilty plea where it was induced by a sentencing promise which the court is unable or unwilling to fulfill. (See, e.g., *People v Selikoff,* 35 NY2d 227, 241, cert den 419 US 1122; *People v Torres,* 45 NY2d 751.) The defendant's failure to object or to remind the court of a plea agreement does not constitute a waiver of his right to withdraw his plea rather than accept a sentence greater than the one promised him by the court. (See *People v Esposito,* 32 NY2d 921; *People v Glasby,* 44 AD2d 541.) Under the circumstances at bar, and in view of the defendant's resentencing, we deem it an appropriate remedy to vacate the defendant's sentence and to remand the case to Criminal Term with a direction to resentence the defendant by (1) imposing the promised minimum term of one year, and (2) fixing an appropriate maximum term pursuant to section 60.09 of the Penal Law. Hopkins, J. P., Damiani, Titone and Lazer, JJ., concur.