This decision was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Please also note that this electronic decision may contain computer-generated errors or other deviations from the official paper version filed by the Supreme Court and does not include the filing date.

## IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellant,

v.

                                          **No. 31,129**

**RICHARD D. ALDERETE**,

    Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF DONA ANA COUNTY**
**Douglas Driggers, District Judge**

Gary K. King, Attorney General
M. Anne Kelly, Assistant Attorney General
Albuquerque, NM

for Appellant

Jeff C. Lahann
Las Cruces, NM

for Appellee

## DISPOSITIONAL ORDER OF REVERSAL

{1}    This matter having come before the full Court on direct appeal by the State

from a grant of a habeas corpus petition filed in the district court, the Justices having

considered the briefs, the record, and other relevant file materials, and otherwise having fully informed themselves on the issues and applicable law as raised by the parties; and

{2} Each Justice having concurred that there is no reasonable likelihood that a written decision or opinion would affect the disposition of this appeal or advance the law of the State; and

{3} Acting within this Court's discretion under Rule 12-405(B)(1) NMRA to dispose of a case by order, decision, or memorandum opinion rather than formal opinion because "[t]he issues presented have been previously decided by the supreme court or court of appeals."

**IT IS ADJUDGED THAT:**

{4} The habeas judge erred in granting Respondent-Appellee Richard Alderete's habeas corpus petition, on a theory that the sentencing judge had implicitly rejected the plea agreement entered into by Alderete by imposing a sentence that exceeded a prosecutor's sentencing recommendation. Because we conclude that (1) Alderete failed to preserve his claims by not making any timely assertion of his claimed right to set aside his plea before the sentencing judge and by not raising the issue on direct appeal, and (2) there is no showing of fundamental error that would entitle Alderete to litigate the unpreserved issue at this late date, we reverse the district court's grant

2

of the writ of habeas corpus. Because of this resolution, there is no need to reach any other potential issues in this case, including (1) whether the record reflects that the prosecutor agreed to affirmatively recommend that the trial court not impose greater than three year's incarceration, as opposed to agreeing not to affirmatively seek incarceration of more than three years, (2) the extent to which such a distinction might or might not be significant, in light of this Court's opinions in *State v. Pieri*, 2009-NMSC-019, 146 N.M. 155, 207 P.3d 1132, and *Eller v. State*, 92 N.M. 52, 582 P.2d 824 (1978), and (3) whether the habeas court had the authority to resentence Alderete, as opposed to affording him the opportunity to set aside his plea and go to trial on all original charges.

{5}     In order to rely on fundamental error to prevail in this habeas proceeding, Alderete acknowledges that he must establish both that the sentencing court committed clear error and that the error affected the outcome, as outlined in *State v. Bencomo*, 109 N.M. 724, 790 P.2d 521 (Ct. App. 1990). We have determined that the second requirement has not been met, and therefore there is no need to address the first.

{6}     We note the following undisputed matters in the record:  (1) the court fully informed Alderete of the potential sentence and consequences; (2) the court's sentence did not exceed those parameters; (3) neither Alderete nor his counsel made

3

any contemporaneous objection to the sentence, requested that the plea be set aside, nor indicated in any other way that the sentence had exceeded their understanding of the conditions of the plea agreement; (4) the sentencing court did not refuse in any way to entertain a motion to set aside the plea, since no such request was made; and (5) even when Alderete made his initial motion to reduce his sentence two years later, he did so based on a hardship basis, rather than any claim that the sentence had violated any conditions of his plea agreement.

{7} Alderete has failed to show that the outcome clearly would have been different even if the trial court had asked him at the time of sentencing if he would like to set aside his plea and go to trial. That is, he has not shown that there was a "high probability that defendant would have withdrawn his plea" if the option had been explicitly offered to him. *Bencomo,* 109 N.M. at 725, 790 P.2d at 522. Unlike the situation in *Bencomo*, Alderete had received numerous benefits that he would have forfeited by withdrawing his plea and going to trial on the original charges and sentencing consequences on his hand-to-hand undercover drug trafficking case, including (1) avoidance of the statutory habitual offender enhancement of his sentence, (2) concurrent time on the two offenses to which he pled, (3) running his state sentences concurrently with his separate federal sentence, and (4) a suspension of three of the statutory twelve-years of his trafficking sentence.

{8} We therefore reverse the district court's issuance of a writ of habeas corpus and remand with directions to reinstate Alderete's conviction and sentence.

{9} **IT IS SO ORDERED.**

_____
**EDWARD L. CHÁVEZ, Chief Justice**


_____
**PATRICIO M. SERNA, Justice**


_____
**PETRA JIMENEZ MAES, Justice**


_____
**RICHARD C. BOSSON, Justice**


_____
**CHARLES W. DANIELS, Justice**