The slip opinion is the first version of an opinion released by the Chief Clerk of the Supreme Court. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Chief Clerk for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: _____

Filing Date: <u>March 7, 2023</u>

**No. A-1-CA-39199**

**STATE OF NEW MEXICO,**

     Plaintiff-Appellee,

v.

**BENNY ARTHUR VALENZUELA,**

     Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY**
**Cindy M. Mercer, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Erica Schiff, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Joelle N. Gonzales, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**OPINION**

**BOGARDUS, Judge.**

{1} Defendant Benny Valenzuela appeals an order denying his motion to withdraw his no contest plea. Defendant argues the district court erred in denying his motion because the plea was not voluntarily and knowingly entered into based on the district court's failure to (1) determine that Defendant understood the nature of the charges to which he pleaded, and (2) ensure that Defendant understood the possible sentence range for these charges. We affirm.

**BACKGROUND**

{2} In September 2016, the State indicted Defendant for ten alleged offenses. The indictment included four counts of third degree criminal sexual contact of a minor (CSCM), pursuant to NMSA 1978, Section 30-9-13(C)(1) (2003)—two identical counts alleging touching of K.K. and two identical counts alleging touching of C.L. The indictment lists these CSCM charges as follows:

> Count 2: Criminal Sexual Contact of a Minor in the Third Degree (Child Under 13) . . ., on or about June 21, 2016, in Valencia County, New Mexico, . . . [D]efendant did touch or apply force to the intimate parts of K. K., to wit: touched vaginal area over clothes, and she was twelve years of age or younger.

> Count 3: Criminal Sexual Contact of a Minor in the Third Degree (Child Under 13) . . ., on or about June 21, 2016, in Valencia County, New Mexico, . . . [D]efendant did touch or apply force to the intimate parts of K. K., to wit: touched vaginal area over clothes, and she was twelve years of age or younger.

. . . .

Count 6:   Criminal Sexual Contact of a Minor in the Third Degree (Child Under 13) . . ., on or about June 21, 2016, in Valencia County, New Mexico, . . . [D]efendant did touch or apply force to the intimate parts of C. L., to wit: touched vaginal area over clothes, and she was twelve years of age or younger.

Count 7:   Criminal Sexual Contact of a Minor in the Third Degree (Child Under 13) . . ., on or about June 21, 2016, in Valencia County, New Mexico, . . . [D]efendant did touch or apply force to the intimate parts of C. L., to wit: touched vaginal area over clothes, and she was twelve years of age or younger.

The indictment also charged Defendant with three counts of aggravated indecent exposure, pursuant to NMSA 1978, Section 30-9-14.3(A)(1) (1996), and two counts of contributing to the delinquency of a minor, pursuant to NMSA 1978, Section 30-6-3 (1990).

{3}   In February 2019, Defendant and the State entered into a global plea agreement in which Defendant agreed to plead no contest to six of the ten counts in the indictment: the four counts of CSCM, one count of aggravated indecent exposure, and one count of contributing to the delinquency of a minor. The plea dismissed the remaining counts in the indictment as well as charges in four other pending cases, and the State agreed it would not pursue two additional charges for which Defendant had not yet been indicted.

{4}   During the plea hearing, the district court asked Defendant if he had read and understood the plea agreement, if he had any questions about the agreement, if he

2

had discussed the agreement with his counsel, and if the agreement contained everything he had agreed to. Defendant responded to each of these questions in the affirmative. The district court also asked, "What is the factual basis for the plea?" The State responded that "the parties would stipulate to a factual basis," and defense counsel agreed that there was a sufficient factual basis to support each of the charges to which Defendant was pleading. Finally, the district court asked defense counsel if the plea agreement contained "all the negotiations" that counsel had entered into on behalf of Defendant, and whether, in defense counsel's opinion, Defendant was "fully informed of the consequences" of the plea agreement. Defense counsel responded to each of these questions in the affirmative.

{5}     Defendant then pleaded no contest to each of the six offenses in the plea agreement, including the four CSCM offenses. The district court accepted Defendant's plea, stating there was a "factual basis to believe that [Defendant is] guilty of the crime" and concluding that Defendant knowingly and voluntarily entered into the plea.

{6}     In May 2019, Defendant moved to withdraw his no contest plea, arguing, in part, that the two counts of CSCM for each victim listed in the indictment were indistinguishable, and that there had been no indication that there was a "factual basis" supporting four counts of CSCM rather than two. The court denied

Defendant's motion, citing his counsel's stipulation to a factual basis for the charges at the plea hearing. Defendant appeals.

**DISCUSSION**

**I.      Preservation Issues**

{7}      We must first address threshold questions of preservation. Defendant argues his no contest plea was not voluntarily and knowingly entered into because the district court failed to (1) determine that Defendant understood the nature of the charges to which he pleaded, and (2) ensure that Defendant understood the possible sentence range for these charges. The State responds that Defendant failed to preserve these arguments. We review whether Defendant preserved each argument in turn.

{8}      "To preserve an issue for review, it must appear that a ruling or decision by the [district] court was fairly invoked." Rule 12-321(A) NMRA. Defendant first argues that the district court failed to determine that Defendant understood the nature of the CSCM, aggravated indecent exposure, and contributing to the delinquency of a minor charges to which he pleaded, and the factual basis supporting each of these charges, pursuant to Rule 5-303(F)(1) NMRA. We must therefore determine whether Defendant fairly invoked a ruling or decision that the district court failed to comply with Rule 5-303(F)(1)'s requirement that, before accepting a plea of no contest, "[t]he court shall . . . inform[] the defendant of and determin[e] that the

4

defendant understands . . . the nature of the charge to which the plea is offered." "A related requirement directs the district court to make an inquiry as shall satisfy it that there is a factual basis for the plea." *State v. Ramirez*, 2011-NMSC-025, ¶ 9, 149 N.M. 698, 254 P.3d 649 (alteration, internal quotation marks, and citation omitted) (citing Rule 5-304(G) NMRA). We conclude that Defendant fairly invoked a decision by the district court only as to whether he understood the nature of the CSCM charges, and explain.

{9}     Defendant pleaded no contest to three separate crimes: CSCM (four counts), aggravated indecent exposure (one count), and contributing to the delinquency of a minor (one count). At the hearing on Defendant's motion to withdraw his plea, defense counsel argued that the two counts of CSCM for each victim listed in the indictment were indistinguishable, and that there had been no indication that there was a "factual basis" supporting four counts of CSCM rather than two. The district court considered the argument, stating that defense counsel had stipulated at the plea hearing to a "factual basis" to support the charges but that Defendant had nonetheless chosen to plead no contest. Defendant thus fairly invoked a decision by the district court as to whether he understood the "factual basis"—and therefore the nature—of each CSCM charge to which he pleaded. *See Ramirez*, 2011-NMSC-025, ¶ 9; Rule 5-303(F)(1). Accordingly, Defendant preserved his argument that the district court failed to determine whether he understood the nature of the CSCM charges.

{10} As to the charges for aggravated indecent exposure and contributing to the delinquency of a minor, however, Defendant failed to fairly invoke a ruling or decision by the district court as to whether the court had failed to determine whether Defendant understood the nature of these charges. *See* Rule 5-303(F)(1). Although Defendant raised issues concerning the nature of the CSCM charges, he did not specifically apprise the district court of a claimed error based on Defendant's lack of understanding of the aggravated indecent exposure or contributing to the delinquency of a minor charges. *See State v. Montoya*, 2015-NMSC-010, ¶ 45, 345 P.3d 1056 ("In order to preserve an issue for appeal, a defendant must make a timely objection that specifically apprises the [district] court of the nature of the claimed error and invokes an intelligent ruling thereon." (internal quotation marks and citation omitted)). Accordingly, Defendant failed to preserve his appellate argument that the district court failed to determine whether he understood the nature or factual basis of the aggravated indecent exposure and contributing to the delinquency of a minor charges.

{11} Likewise, Defendant failed to preserve his appellate argument that his plea was not voluntarily and knowingly entered into based on the district court's failure to ensure that he understood the possible sentence range for the charges to which he pleaded. *See* Rule 5-303(F)(2) (requiring the district court to inform the defendant of and determine that the defendant understands "the mandatory minimum penalty

provided by law, if any, and the maximum possible penalty provided by law for the offense to which the plea is offered, including any possible sentence enhancements"). Defendant did not raise an argument or objection below specifically apprising the district court of this claimed error and invoking an intelligent ruling on this basis. *See Montoya*, 2015-NMSC-010, ¶ 45.

{12}    Defendant nevertheless points to his statement at the plea hearing, "I just don't see how much time I'm getting," in support of his claim that this argument was preserved. This statement, however, did not necessarily indicate that Defendant did not understand the mandatory minimum or the maximum possible penalty for the offenses to which the plea was offered. *See* Rule 5-303(F)(2). Instead, Defendant's plea agreement stated, "There is no agreement as to sentence." The district court could have reasonably interpreted Defendant's statement as an indication that he understood his plea did not specify his *actual* sentence—and therefore wished to learn this information from the district court—rather than as an indication that he did not understand the possible sentence range of the charges. Moreover, defense counsel did not alert the district court to any potential confusion regarding Defendant's understanding of the possible sentence range of the charges or object to the entry of the plea on this basis, either at the plea hearing or at the hearing on Defendant's motion to withdraw his plea. *See Montoya*, 2015-NMSC-010, ¶ 45. Accordingly, Defendant failed to preserve his appellate argument that the district

court failed to ensure that he understood the possible sentence range for the charges to which he pleaded.

{13}   We turn now to the merits. We first address Defendant's preserved argument that the district court failed to determine whether he understood the nature of the CSCM charges to which he pleaded, then address Defendant's remaining unpreserved arguments.

**II.     Defendant's Preserved Argument That the District Court Failed to Determine Whether He Understood the Nature of the CSCM Charges**

**A.     Standard of Review**

{14}   Defendant argues that the district court failed to determine whether he understood the nature of the four CSCM charges to which he pleaded no contest and therefore erred in later denying his motion to withdraw the plea. "We review the decision of the district [court] in refusing to allow [a d]efendant to withdraw his no contest plea for an abuse of discretion." *State v. Vincent*, 2005-NMCA-064, ¶ 31, 137 N.M. 462, 112 P.3d 1119. "The [district] court abuses its discretion when it acts unfairly or arbitrarily, or commits manifest error." *Ramirez*, 2011-NMSC-025, ¶ 8 (internal quotation marks and citation omitted). "A denial of a motion to withdraw a guilty plea constitutes manifest error when the undisputed facts establish that the plea was not knowingly and voluntarily given." *State v. Garcia*, 1996-NMSC-013, ¶ 7, 121 N.M. 544, 915 P.2d 300.

**B.     The District Court Did Not Abuse Its Discretion in Denying Defendant's Motion**

{15}    Defendant argues his no contest plea was not voluntarily and knowingly entered into because the district court failed to determine that he understood the nature of the CSCM charges to which he pleaded and the factual basis supporting these charges, contrary to Rule 5-303(F)(1). We are unpersuaded and explain.

{16}    "A plea is not knowing, intelligent, and voluntary unless the defendant understands [their] . . . plea and its consequences. Rule 5-303(F) . . . codifies the matters our district courts must address to ascertain that a defendant grasps the contents and consequences of a plea." *Ramirez*, 2011-NMSC-025, ¶ 9. At issue here is whether the district court violated Rule 5-303(F)(1), which provides, in relevant part, that "[t]he court shall not accept a plea of . . . no contest without first, by addressing the defendant personally in open court, informing the defendant of and determining that the defendant understands . . . the nature of the charge to which the plea is offered."

{17}    However, "[n]ot every Rule 5-303(F) violation requires reversal because New Mexico law, like federal law, draws a distinction between errors that are merely technical and therefore harmless and errors that affect the substantial rights of the defendant, invalidating the plea." *State v. Yancey*, 2021-NMCA-009, ¶ 18, 484 P.3d 1008. A defendant who seeks to withdraw a plea must "demonstrate that the failure to comply with the prescribed plea procedure prejudiced [the defendant's] ability to

9

knowingly and voluntarily enter [the] plea." *State v. Jonathan B.*, 1998-NMSC-003, ¶ 7, 124 N.M. 620, 954 P.2d 52. "[A]bsent a showing of prejudice to the defendant's right to understand his . . . plea and its consequences, substantial compliance" with Rule 5-303(F) suffices. *Garcia*, 1996-NMSC-013, ¶ 12. Here, assuming without deciding that the district court erred by failing to inform Defendant of and determine that he understood the nature of the CSCM charges to which he pleaded, *see* Rule 5-303(F)(1), we conclude Defendant has not demonstrated that any failure prejudiced his ability to knowingly and voluntarily enter the plea, and that the district court substantially complied with the rule.

{18}     Regarding prejudice to Defendant's "ability to knowingly and voluntarily enter his plea," *Jonathan B.*, 1998-NMSC-003, ¶ 7, Defendant argues that the record does not show that he acquired an understanding of the nature of the CSCM charges or the factual basis supporting these charges. It is Defendant's burden, however, to demonstrate prejudice, *see State v. Moore*, 2004-NMCA-035, ¶ 14, 135 N.M. 210, 86 P.3d 635, and Defendant points to no evidence in the record demonstrating that he did not understand the nature of the CSCM charges. *See In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318 ("An assertion of prejudice is not a showing of prejudice."). Defendant has not carried his burden of showing prejudice.

{19} "[A]bsent a showing of prejudice to the defendant's right to understand [their] . . . plea and its consequences, substantial compliance" with Rule 5-303(F) suffices. *Garcia*, 1996-NMSC-013, ¶ 12. We therefore examine whether, despite any error in complying with Rule 5-303(F)(1), the district court substantially complied with the rule's requirement to inform Defendant of and determine that Defendant understood the nature of his CSCM charges.

{20} Whether a district court substantially complied with Rule 5-303(F) "hinges on the unique facts of the case, and we consider the totality of the circumstances available from the record at the time the plea is taken." *Yancey*, 2021-NMCA-009, ¶ 18 (internal quotation marks and citations omitted). Substantial compliance exists if "the record shows the defendant had the requisite information" from some other source at the time of the plea. *Garcia*, 1996-NMSC-013, ¶ 17. "Although the court need not supply the information, the record must indicate that the court ascertained that the defendant understood the charges set forth in a plea agreement." *Yancey*, 2021-NMCA-009, ¶ 18 (alterations, omission, internal quotation marks, and citation omitted). Our inquiry is therefore whether the record shows that Defendant "acquired an understanding of the nature" of the CSCM charges "from some source other than the district court." *See id.* ¶ 19. Defendant argues that the record does not show he acquired an understanding of these charges from another source. We are unpersuaded.

{21} In reviewing the record to determine whether Defendant acquired an understanding of the nature of the CSCM charges, we examine whether Defendant acquired an understanding of the essential elements of CSCM, and we consider the complexity of the charge. *See Ramirez*, 2011-NMSC-025, ¶ 9 ("In order to ensure that the defendant understands the nature of the charges, the district court must be satisfied that the defendant understands the essential elements of the charges that are subject to the plea." (alteration, internal quotation marks, and citation omitted)); *Yancey*, 2021-NMCA-009, ¶ 14 (recognizing that the complexity of a charge is one of the circumstances to consider in determining whether the accused received an adequate explanation of the charges). For each count of CSCM, the State would have needed to prove that Defendant (1) "touched or applied force to the . . . [intimate part of anatomy touched] of . . . (*name of victim*)"; (2) the victim "was a child under the age of thirteen"; and (3) "[t]his happened in New Mexico on or about [date]." UJI 14-925 NMRA. We conclude that Defendant acquired an understanding of the relatively straightforward essential elements of CSCM based on our consideration of "the totality of the circumstances available from the record at the time" Defendant's plea was taken. *See Yancey*, 2021-NMCA-009, ¶ 18 (internal quotation marks and citation omitted).

{22} In particular, the record indicates that Defendant acquired an understanding of the essential elements of CSCM from his counsel and the indictment. *See id.*

12

¶¶ 20, 24 (considering whether the defendant acquired an understanding of the nature of the charges from his counsel or the charging documents). Regarding information Defendant acquired from counsel, Defendant stated that he had discussed the plea agreement with his counsel, and Defendant and his counsel attested by their signatures on the plea agreement that they had discussed the case. In addition, at Defendant's arraignment, Defendant's original counsel told the same district court judge who later presided over the plea hearing that she had reviewed the indictment together with Defendant and that Defendant understood the charges contained in the indictment. *See id.* ¶ 25 (recognizing that, "[w]here a defendant is represented by competent counsel, the court usually may rely on that counsel's assurance that the defendant has been properly informed of the nature and elements of the charge to which he is pleading guilty" (internal quotation marks and citation omitted)). The indictment, in turn, sets out the elements of third degree CSCM. Accordingly, the record shows that Defendant acquired an understanding of the essential elements of the CSCM charges from sources other than the district court. *See id.* ¶ 19; *Ramirez*, 2011-NMSC-025, ¶ 9.

{23}    Defendant next argues his plea was not knowing and voluntary because the district court failed to ensure there was a factual basis supporting the CSCM charges as required by Rule 5-303(F)(1) and that the record fails to show that Defendant acquired an understanding of the factual basis supporting these charges. In

13

particular, Defendant contends he did not receive an explanation as to how his conduct amounted to two counts of CSCM for each alleged victim rather than a single count, pointing out that the indictment's description of both CSCM counts for each victim are identical. Defendant thus contends it is possible that his plea to the CSCM charges violated double jeopardy. We conclude, as we further explain, Defendant has not clearly shown that the district court abused its discretion in denying Defendant's motion to withdraw his plea on this basis. *See Vincent*, 2005-NMCA-064, ¶ 31; *State v. Carlos A.*, 1996-NMCA-082, ¶ 8, 122 N.M. 241, 923 P.2d 608 ("[T]here is a presumption of correctness in the rulings or decisions of the [district] court and the party claiming error must clearly show error.").

{24}     Defendant's argument that the district court failed to ensure there was a factual basis supporting the CSCM charges to which he pleaded no contest relies on *Yancey*, in which the defendant pleaded guilty. *See Yancey*, 2021-NMCA-009, ¶¶ 15-17, 25-27 (determining that the district court failed to comply with Rule 5-303(F) in part because the court did not ascertain whether the defendant understood the factual bases for his guilty pleas, and concluding that the district court erred in denying the defendant's motion to withdraw his pleas because the record did not otherwise demonstrate that the defendant received an adequate explanation as to how the factual allegations amounted to both fraud and embezzlement). This Court, however, has distinguished between guilty pleas and no contest pleas with regard to the district

14

court's obligation under Rule 5-303(F) to inquire into the factual basis for a plea. *See Vincent*, 2005-NMCA-064, ¶ 43 ("A court is not required to inquire into whether there is a factual basis for a no contest plea."); *see also* Rule 5-303 comm. cmt. (stating that, "unlike the case in which the defendant pleads guilty, a court need not inquire into whether or not there is a factual basis for the no contest plea" and that "[e]limination of the inquiry into the factual basis for the no contest plea is consistent with the use of the plea where the defendant does not want to admit any wrongdoing"). Defendant does not address this authority or discuss any distinction between guilty and no contest pleas. Absent argument as to why this authority should not apply here—or why Defendant's plea of no contest rather than guilty is immaterial to the case's disposition—we decline to overlook this authority or construct this argument on Defendant's behalf. *See State v. Murillo*, 2015-NMCA-046, ¶ 17, 347 P.3d 284 ("We will not construct [a d]efendant's argument on his behalf."). Nevertheless, the district court did inquire into the factual basis supporting the charges at the plea hearing, and defense counsel stipulated to a factual basis sufficient to support each charge without objection from Defendant.

{25}    In light of the foregoing, we conclude Defendant has not shown that the district court erroneously denied his motion based on any error in determining whether he understood the factual basis for the CSCM charges. *See Carlos A.*, 1996-NMCA-082, ¶ 8.

15

{26} In sum, considering the totality of the circumstances available from the record, we conclude the record shows that Defendant acquired an understanding of the nature of the CSCM charges, *see Yancey*, 2021-NMCA-009, ¶¶ 18, 19, and that the undisputed facts do not establish that Defendant's plea was not knowingly and voluntarily given. *See Garcia*, 1996-NMSC-013, ¶ 7. Accordingly, the district court did not abuse its discretion in denying Defendant's motion to withdraw his plea on this basis. *See Vincent*, 2005-NMCA-064, ¶ 31.

{27} To the extent Defendant argues the district court erred by failing to inquire into the "possibility that double jeopardy had been violated" during the hearing on his motion to withdraw the plea, Defendant has not demonstrated reversible error. Even if we were to assume the district court erred by failing to inquire into the merits of Defendant's double jeopardy arguments at the hearing on his motion to withdraw, Defendant has not carried his burden of providing a sufficient record for this Court to determine whether Defendant's plea violated double jeopardy, and thus failed to demonstrate prejudice that would justify reversal. *See State v. Fernandez*, 1994-NMCA-056, ¶¶ 13, 16, 117 N.M. 673, 875 P.2d 1104 ("In the absence of prejudice, there is no reversible error.").

{28} This Court has previously reviewed double jeopardy issues following a plea "when defense counsel placed sufficient facts in the record. We place the burden on the defendant, the party raising the double jeopardy challenge, to provide a sufficient

16

record for the court to determine unitary conduct and complete the remainder of the double jeopardy analysis." *State v. Sanchez*, 1996-NMCA-089, ¶ 11, 122 N.M. 280, 923 P.2d 1165 (citations omitted). Determining whether conduct is unitary "is fact specific; it requires meticulous review of the factual scenario and can rarely be determined on just the face of the indictment." *Id.* ¶ 8. Here, however, defense counsel stipulated to a factual basis to the charges at the plea hearing without objection from Defendant, and Defendant did not place any facts in the record in his motion to withdraw his plea or during the hearing on the motion that would indicate he was impermissibly charged with multiple counts of CSCM based on unitary conduct. Instead, "[w]e are left with the barebones allegations in the indictment which are plainly insufficient" for a determination as to whether Defendant's two CSCM charges for each victim were based on unitary conduct. *See id.* ¶ 10. "We have no way of determining which part" of Defendant's conduct, "if any, was unitary, and we will not engage in conjecture on appeal." *See id.* Accordingly, Defendant has not demonstrated that the district court's alleged failure to inquire into the possibility of a double jeopardy violation was reversible error. Our conclusion notwithstanding, we note that habeas proceedings appear to constitute the appropriate avenue for any further development of this argument Defendant seeks to advance. *See State v. Nunez*, 2000-NMSC-013, ¶ 98, 129 N.M. 63, 2 P.3d 264 (stating that "the double-jeopardy defense may be raised at any time, both before

17

and after judgment" and that "[a] plea agreement . . . has no effect on a defendant's right to raise a double-jeopardy defense"); *State v. Breit*, 1996-NMSC-067, ¶ 11, 122 N.M. 655, 930 P.2d 792 ("The right to be protected from double jeopardy is so fundamental, that it cannot be relinquished even if a conviction is affirmed on appeal."); *see generally Kersey v. Hatch*, 2010-NMSC-020, 148 N.M. 381, 237 P.3d 683 (addressing a double jeopardy argument on review of habeas proceedings).

{29} Likewise, although Defendant has not developed an argument on appeal that he received ineffective assistance of counsel, he may pursue this claim in a habeas proceeding if he considers there to be a factual basis for such a motion. *See State v. Saiz*, 2008-NMSC-048, ¶ 65, 144 N.M. 663, 191 P.3d 521 (noting that a defendant "may pursue habeas corpus proceedings on [the ineffective assistance of counsel] issue in the future if he is ever able to provide evidence to support his claims"), *abrogated on other grounds by State v. Belanger*, 2009-NMSC-025, ¶ 36 n.1, 146 N.M. 357, 210 P.3d 783; *see also State v. Martinez*, 1996-NMCA-109, ¶ 25, 122 N.M. 476, 927 P.2d 31 (stating that if the record does not establish a prima facie case of ineffective assistance of counsel, the defendant must pursue the claim in a habeas corpus proceeding).

## III. Defendant's Unpreserved Arguments

{30} Finally, we address Defendant's unpreserved arguments that the district court failed to (1) determine that Defendant understood the nature of the charges for

aggravated indecent exposure and contributing to the delinquency of a minor, and (2) ensure that Defendant understood the possible sentence range for all charges to which he pleaded.

**{31}** This Court has exercised its discretion to review for fundamental error a defendant's unpreserved claim that the district court erroneously denied his motion to withdraw a no contest plea. *See State v. Bencomo*, 1990-NMCA-028, ¶¶ 1, 2, 6, 7, 109 N.M. 724, 790 P.2d 521 (recognizing the application of the doctrine of fundamental error to a defendant's motion to withdraw his no contest plea). Defendant, however, does not argue that this exception to our general preservation requirement applies. *See State v. Jason F.*, 1998-NMSC-010, ¶ 10, 125 N.M. 111, 957 P.2d 1145 (declining to apply the preservation exceptions when they were not argued on appeal). Nor does Defendant develop an argument that these alleged errors clearly affected his decision to enter into the plea agreement. *See Bencomo*, 1990-NMCA-028, ¶ 7 (stating that for an error to be fundamental, "the error must clearly have affected the outcome"). We note, as well, that the plea agreement conferred significant benefits to Defendant; it resulted in the dismissal of charges in four other pending cases and an agreement that the State would not pursue two additional charges for which Defendant had not yet been indicted. We have nevertheless reviewed the record and conclude these alleged errors do not constitute fundamental error.

19

**CONCLUSION**

{32}     For the foregoing reasons, we affirm.

{33}     **IT IS SO ORDERED.**


_____
**KRISTINA BOGARDUS, Judge**

**I CONCUR:**

_____
**MEGAN P. DUFFY, Judge**

**JANE B. YOHALEM, Judge (dissenting).**

**YOHALEM, Judge (dissenting).**

{34} Because I do not agree that there was substantial compliance by the district court with the requirement of Rule 5-303(F)(1) that the court not accept a plea without informing the defendant of the nature of the charges against him and determining that he understood the nature of those charges, I dissent from the majority opinion.

{35} Our Supreme Court in *Garcia* held that strict compliance with the Rule 5-303 inquiry by the district court before a plea is accepted would no longer be required. Instead, our appellate courts would "review each case on its own unique facts and recognize that the court is not bound to a strict unvarying formula of words." *Garcia*, 1996-NMSC 013, ¶ 12 (alteration, internal quotation marks, and citation omitted). *Garcia* held that the district court will be deemed to be in substantial compliance with the requirements of Rule 5-303, and any deviation from those requirements will be treated as harmless error, so long as the error is merely technical and does not affect the substantial rights of the defendant. *See Garcia*, 1996-NMSC 013, ¶¶ 11, 12. An error or omission affecting the substantial rights of the defendant will invalidate the plea. *See id.* The requirement that the district court must "be certain the plea [was] knowing and voluntary" at the time it was entered remains. *Id.* ¶ 12.

{36} In addition to relieving the district court of the responsibility for strictly following the script set forth in Rule 5-303 for a plea to be valid, in *Garcia*, our

21

Supreme Court also allowed a district court's failure to make a complete inquiry about a defendant's understanding of the nature of the charges or sentence to be excused if the information was provided by some other source. *Id.* ¶ 17. The Court in *Garcia* held that "provided the record shows the defendant had the requisite information, the court need not be the only source of that information." *Id.* Importantly, the Supreme Court did not remove the requirement that the record affirmatively show that the explanation of the nature of the charges required by Rule 5-303(F)(1) was provided to the defendant and that the defendant understood the explanation. *Garcia*, 1996-NMSC 013, ¶ 17. An error in failing to advise a defendant at a plea hearing is not harmless unless the record affirmatively shows that the requisite information was received, albeit from some other source than the court. *See Boykin v. Alabama*, 395 U.S. 238, 242 (1969) (holding that due process requires that a plea cannot be accepted without "an affirmative showing that it was intelligent and voluntary"); *see also Yancey*, 2021-NMCA-009, ¶ 13 ("[Substantial c]ompliance does not turn on whether the court strictly adhered to a script, but instead on whether the court determined by some means that the defendant *actually* understood the nature of the charges." (alterations, internal quotation marks, and citations omitted)).

{37}     The majority opinion states that the burden is on the defendant to demonstrate with affirmative evidence in the record "that he did not understand the nature of the . . . charges." *Maj. op.*, ¶ 18. Defendant, however, need only show that there is no

22

other source on the record from which he received the necessary explanation. Failure to provide the information and make the inquiry required by Rule 5-303(F)(1) is not harmless and requires that the plea be vacated if "[the d]efendant has shown that he did not receive the necessary explanation from any other source." *Yancey*, 2021-NMCA-009, ¶ 1.

{38} The required inquiry for this Court, accepting the majority's conclusion that the necessary information about the nature of the offenses was not provided at the plea hearing, is "whether the record shows that Defendant acquired an understanding of the nature of the charges from some source other than the district court." *See id.* ¶ 19. The majority opinion relies on two sources: (1) the indictment, together with the statement of former defense counsel at Defendant's arraignment that she had discussed the indictment with Defendant and he understood it; (2) and the plea agreement, together with Defendant's admission that he discussed the plea agreement with his counsel. *Maj. op.*, ¶ 22. I do not agree that, under the circumstances of this case, the indictment and plea agreement, together with defense counsel's bare statement that these documents were explained to Defendant, are sufficient to constitute substantial compliance with Rule 5-303(F)(1). Rule 5-303(F)(1) requires that defendants understand the elements of the offenses to which they are pleading in relation to the facts. As the United States Supreme Court stated in *McCarthy v. United States*, "[B]ecause a guilty plea is an admission of all the

23

elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts." 394 U.S. 459, 466 (1969). Neither the indictment here nor the plea agreement provides the required explanation of the multiple CSCM offenses to which Defendant pleaded in relation to the facts alleged by the State to support each offense.

{39} Defendant pleaded no contest to four counts of CSCM. Neither the indictment nor the plea agreement states a factual basis to distinguish each of the charges of CSCM. The plea agreement states identically, four times, that Defendant is pleading to: "Criminal Sexual Contact, child under 13 years old, over the clothes, a 3rd Degree Felony, occurring on or about June 21, 2016, contrary to Section 30-9-13(C)(1)." The indictment divides the four counts into two counts for each of the victims, identified as K.K. and C.L. Each of the two counts charged for each victim has an identical description of Defendant's alleged misconduct and describes this misconduct as occurring on the same date. As previously noted, Defendant pleaded guilty to each of these identical charges—two as to each victim—totaling four counts of CSCM.

{40} The majority opinion characterizes the CSCM charges as "relatively straightforward," suggesting that the indictment or the plea should be sufficient to inform Defendant of the nature of the offenses to which he pleaded. *Maj. op.*, ¶ 21. Although the elements of a single CSCM charge may be easy to understand, the

problem here is that neither the indictment nor the plea agreement provides any information as to how the State distinguished the identical charges of CSCM. On the face of the indictment, the two identical charges as to each victim alleged unitary conduct which potentially violated Defendant's right to be free from double jeopardy. The majority opinion does not cite to anything in the record that clarifies the nature of these charges, and I have not been able to locate any such information. The additional fact relied on by the majority, beyond the indictment and the plea, that counsel "discussed the indictment" with Defendant prior to his arraignment and that Defendant "understood the indictment" is not sufficient to show that Defendant was informed as to the facts which distinguished one count of CSCM from the other where the indictment itself does not do so and the discussion was at arraignment, not at the time of the plea. *See maj. op.*, ¶ 36.

{41} This case is much like *Yancey*.[1] In this case and in *Yancey* the issue was whether the nature of the charges had been explained adequately to the defendant in

---

[1] The majority opinion distinguishes *Yancey* on the basis that it involved a guilty plea and this case involves a no contest plea. *Maj. op.*, ¶ 24. I do not agree that the difference between Defendant's no contest plea in this case and the defendant's guilty plea in *Yancey* is dispositive. The focus in both cases is on the requirement that the district court inquire into and put on the record the defendant's understanding of the nature of the charges in relation to the facts. That requirement is common to both a no contest plea and a guilty plea. *See* Rule 5-303(F) (stating that the advice to a defendant required by Subsection (F) must be provided both before the court accepts a plea of guilty *or a plea of no contest*). The sole distinction involves the determination by the district court, required by Rule 5-304, not Rule 5-303(F), that there is a factual basis for the plea. It is Defendant's understanding of the nature of

25

light of the defendant's plea to two charges that were potentially improperly duplicative: in *Yancey*, a conviction for fraud and for embezzlement for what was potentially the same misconduct and, in this case, two convictions for CSCM for identically described misconduct, potentially in violation of double jeopardy. Where the same facts cannot support a conviction for both offenses, "it is necessary to pay careful attention to the elements of the offenses and the factual allegations." *Yancey*, 2021-NMCA-009, ¶ 14. Here as in *Yancey*, there is no basis in the record "for concluding that Defendant *actually* understood how his conduct satisfied the elements of the charges against him." *Id.* ¶ 15. Because this is the essential due process requirement underlying Rule 5-303(F)(1)—a requirement that must be met when a plea is accepted by the district court—I cannot agree with the majority opinion's conclusion that there was substantial compliance with the requirements of Rule 5-303(F)(1) sufficient to satisfy due process. I would vacate Defendant's plea and remand to allow him to enter a new plea or go to trial.

{42}     Where the district court does not inform a defendant at the plea hearing of the nature of the charges and determine, on the record, that the defendant understands how the facts alleged relate to the elements of the offenses charged, a motion to vacate the plea must be granted unless the record affirmatively shows that the

---

the charges to which he is pleading that I am addressing and that was the issue in *Yancey*. *See* 2021-NMCA-009, ¶ 1.

defendant had the necessary information from another source. This requirement was not met here.

{43}     For the reasons stated, I respectfully dissent from the majority opinion.

_____
**JANE B. YOHALEM, Judge**